**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANDREY GONCHAROV** ) | |
| Petitioner ) | |
| ) | |
| vs. ) | **C.A.No. 04-371 Erie** |
| ) | **District Judge McLaughlin** |
| **THOMAS HOGAN,** ) | **Magistrate Judge Baxter** |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I      RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of habeas corpus be dismissed due to Petitioner's failure to prosecute.

**II      REPORT**

Petitioner, an inmate currently incarcerated at the York County Prison in York, Pennsylvania, filed this petition for writ of habeas corpus in this Court on December 20, 2005.[1]

Despite several orders of this Court, Petitioner did not pay the filing fee or file a motion for leave to proceed in forma pauperis until May 18, 2005.[2]  By Order of this Court dated July 5, 2005, the United States Marshal Service was directed to serve the petition. Document # 14.

By letter dated January 3, 2006, the U.S. Marshal Service informed the Court that Petitioner had failed to cooperate with its efforts to serve the petition. By Order dated January 4, 2006, this Court directed Petitioner to show cause for his failure in this regard and further

---

[1] Petitioner initially filed his petition in the United States District Court of the Middle District of Pennsylvania, which transferred the action here on December 20, 2005.

[2] By Report and Recommendation dated May 20, 2005, this Court recommended that this matter be dismissed due to Petitioner's failure to prosecute.

warned that failure to comply before January 20, 2006, would result in the dismissal of this action for failure to prosecute. To date, Petitioner has failed to comply.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter over a year ago, Petitioner has taken none of the necessary first steps to prosecute this case. Further, Petitioner has repeatedly ignored orders of this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Petitioner's allegations could state a habeas claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute

a waiver of any appellate rights.

_____S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated:  January 23, 2006